UNITED STATES of America,
Plaintiff—Appellee,

v.

Earnee Windell SMITH, Defendant—
Appellant.

No. 01–50541.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Nov. 3, 2003.

Ronald L. Cheng, Esq., USLA—Office of the U.S. Attorney, Brian D. Hershman, Esq., United States Attorney's Office, Los Angeles, CA, for Plaintiff–Appellee.

Lisa M. Bassis, Los Angeles, CA, for Defendant–Appellant.

Before: BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Earnee Windell Smith appeals his conviction and sentence for two counts of bank robbery under 18 U.S.C. § 2113. We affirm. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Because the facts are familiar to the parties, we do not recite them here.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ We conclude that the district court did not abuse its discretion by failing to raise *sua sponte* the issue of Smith's competence to stand trial. Smith's motions before the court, although unusual, did not necessitate an examination of his competency.[1]

■ The district court correctly determined that Smith knowingly and intelligently waived his right to counsel for pre-trial and sentencing proceedings.[2] Smith appropriately responded to questions posed by the district court at two *Faretta* hearings, demonstrating a sufficient awareness of "the three elements of self-representation: (1) the nature of the charges against him; (2) the possible penalties; and (3) the dangers and disadvantages of self-representation."[3] Neither did the district court's decision to allow Smith's self-representation violate his Fifth Amendment right to a fair trial. To hold otherwise would contravene the intentions of the Supreme Court in *Faretta v. California.*[4]

■ Finally, we conclude that the sentence imposed on Smith by the district court did not involve "double-counting."[5] Smith's sentence was properly calculated according to his status as a career criminal[6] and thus did not take into account the two-level enhancement of which he complains.[7]

AFFIRMED.

1. *See, Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Odle v. Woodford,* 238 F.3d 1084 (9th Cir.2001) (demonstrating that greater evidence of incompetency is necessary to trigger the requirement of a competency hearing).

2. Whether the defendant knowingly, intelligently, and voluntarily waived his right to counsel is a mixed question of law and fact which this court reviews *de novo. United States v. Springer,* 51 F.3d 861, 864 (9th Cir. 1995).

3. *United States v. Lopez–Osuna,* 242 F.3d 1191, 1199 (9th Cir.2000) (internal quotation marks omitted).

4. 422 U.S. 806, 834, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (stating that "although [the defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law.") (quoting *Illinois v. Allen,* 397 U.S. 337, 350–51, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970)).

5. We review the district court's interpretation of the sentencing guidelines *de novo. United States v. Williams,* 291 F.3d 1180, 1191 (9th Cir.2002).

6. U.S. Sentencing Guidelines Manual § 4B1.1(b) (2001).

7. U.S. Sentencing Guidelines Manual § 2B3.1(b)(1) (2001).